IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

        v.                                           02-CR-015-S-02

CHRISTOPHER M. BODNER,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Christopher M. Bodner's supervised release was held on September 10, 2008, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Peter M. Jarosz. Defendant was present in person and by counsel, Erika L. Bierma. Also present was Senior United States Probation Officer Kelley M. Gustaveson.

      From defendant's stipulation, I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on August 7, 2002, following his conviction for bank burglary, in violation of 18 U.S.C. §§ 2113(a) and 2. This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to

serve a term of imprisonment of 71 months, with a 36-month term of supervised release to follow and ordered to pay restitution in the amount of $5,249.12.

Defendant began his term of supervised release on November 9, 2007. On July 24, 2008, I modified the conditions of his release by adding Special Condition No. 5, requiring him to complete a 180-day placement at a residential reentry center because he had no permanent residence and was unemployed. On August 16, 2008, defendant violated this special condition by walking away from the facility and not returning. Defendant's conduct falls into the category of a Grade C violation. Upon a finding of a Grade C violation, §7B1.3(a)(2) of the advisory guidelines provide that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on defendant on August 7, 2002, will be revoked.

Defendant's criminal history category is IV. With a Grade C violation and a criminal history category of IV, defendant has an advisory guideline range of imprisonment of 6 to 12 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the

offense for which a defendant is sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence in the middle of the guideline range.  The intent of this sentence is to protect the community and to afford defendant adequate time to undergo a neurological evaluation at the Federal Medical Center in Rochester, Minnesota.  From the previous psychological evaluation conducted at the Omne Clinic in Eau Claire, Wisconsin, it appears that defendant is in need of further evaluation to determine whether he has neurological deficits that adversely affect his ability to live and work in the community.  Dr. Andy Simcox, Chief Psychologist at the Federal Medical Center, and Dr. Donald L. Denney, Psychology Services Administrator for the North Central Region of the Bureau of Prisons, have advised the probation office that a full neurological evaluation can be completed at the facility in Rochester.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on August 7, 2002, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of nine months.  It is recommended that the Bureau place defendant at the Federal Medical Center in Rochester, Minnesota, to enable him to undergo a full neurological evaluation at the earliest opportunity.

An 18-month term of supervised release shall follow. All previous conditions of supervised release are reimposed and the following special conditions are ordered:

Special Condition No. 6: Defendant shall reside at a federally approved residential reentry center for up to 180 days. Defendant may be absent from the center for employment purposes and for passes consistent with program rules. The defendant will be required to pay 25 percent of his gross pay for his daily costs and pay all medical expenses. Early discharge from the facility is contingent upon successful completion of all programming and the approval of both the facility administrator and the supervising U.S. probation officer.

Special Condition No. 7: As approved by the probation officer, defendant shall cooperate with the appropriate state or county mental health agency in the assessment and referral process for case management services if needed. Defendant shall follow all such recommendations, which may include counseling, medication and securing a representative payee to manage his income. Defendant shall take any prescribed medications as directed by a licensed medical provider. He shall follow all program rules and regulations and shall be required to obtain his own funding for such services.

Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement. Defendant does not have the financial means or earning capacity to pay the cost of his incarceration. Execution of this sentence

4

will begin immediately.

      Entered this 10th day of September 2008.

                              BY THE COURT:
                              /s/
                              BARBARA B. CRABB
                              Chief District Judge