IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

        v.                                        02-cr-015-jcs-2

CHRISTOPHER M. BODNER,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Christopher M. Bodner's supervised release was held on April 7, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Peter M. Jarosz. Defendant was present in person and by Associate Federal Defender Erika L. Bierma. Also present was Asst. Deputy Chief U.S. Probation Officer Paul J. Reed.

From the parties' stipulation, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on August 7, 2002, following his conviction for bank burglary, in violation of 18 U.S.C. §§ 2113(a) and 2. This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to

serve a term of imprisonment of 71 months, with a 36-month term of supervised release to follow, and ordered to pay restitution in the amount of $5,249.12.

Defendant began his first term of supervised release on November 9, 2007. On July 24, 2008, his conditions of supervised release were modified by adding Special Condition No. 5, requiring him to complete a 180-day placement at a residential re-entry center because he had no permanent residence and was unemployed. On September 10, 2008, his term of supervised release was revoked after he violated Special Condition No. 5 when he walked away from the facility and failed to return. He was sentenced to nine months' imprisonment, with an 18-month term of supervised release to follow.

Defendant began his second term of supervised release on May 18, 2009. On December 11, 2009, he violated the statutory condition prohibiting him from committing another state crime when he took his father's credit cards without permission and used them fraudulently. On March 23, 2010, defendant appeared in the Circuit Court for Rusk County, Wisconsin, (case no. 2010CM000004) and was found guilty of two counts of financial transaction card-fraudulent use. He was sentenced to serve one year of probation consecutively to the sentence he received for the violation of his supervised release in 2008.

Defendant's conduct falls into the category of a Grade C violation. Upon a finding of a Grade C violation, § 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

2

CONCLUSIONS

Defendant's violation warrants revocation.

Defendant's criminal history category is IV.  With a Grade C violation, defendant has an advisory guideline range of imprisonment of 6 to 12 months.  Pursuant to 18 U.S.C. § 3583(e)(3), the statutory maximum sentence of imprisonment is 15 months because the instant offense is a Class C felony and the defendant served a previous revocation sentence of nine months.  18 U.S.C. § 3583(h) authorizes another term of supervised release if the defendant was not sentenced to the statutory maximum term of imprisonment.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence in the middle of the guideline range.  The intent of this sentence is to protect the community and to allow defendant time to stabilize himself on psychotropic medications while in custody.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on September 10, 2008, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of nine months. No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.  Execution of this sentence will begin immediately.

I recommend that defendant be imprisoned as close as possible to Ladysmith, Wisconsin, where family members reside.

Entered this 7th day of April 2010.

BY THE COURT:

/s/

BARBARA B. CRABB

District Judge

4